UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 04-10068-RWZ |
| ) | |
| DIEGO ORTIZ ) | |
| Defendant ) | |
| ) | |

**GOVERNMENT'S MOTION TO RECONSIDER RELEASE ORDER**

The United States of America, by and through Michael J. Sullivan, United States Attorney, and David G. Tobin and Susan M. Poswistilo, Assistant U.S. Attorneys, hereby moves for reconsideration of the Court's order releasing defendant Diego Ortiz ("Ortiz") after his February 3, 2005 convictions for conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1). The United States further moves that Ortiz be ordered to surrender immediately to the custody of the U.S. Marshal Service.

**Factual Background**

On February 3, 2005, after a three-day jury trial, Ortiz was convicted of conspiracy to distribute cocaine and possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1). The jury found that the cocaine involved in the conspiracy exceeded 5 kilograms (specifically, 5020 grams). Upon Ortiz's conviction, the government made an oral motion to have the defendant's bail revoked pursuant to 18 U.S.C. §3143. The

Court, citing the absence of U.S. Marshal personnel in the courtroom at the time, ordered Ortiz released. The Court, making no finding regarding whether Ortiz was likely to flee or pose a danger to the safety of the community, ordered that Ortiz be released on the same conditions that had been in place during his pre-trial release.

### **Argument**

The offenses for which the jury found Ortiz guilty--conspiracy to distribute cocaine and possession with the intent to distribute cocaine--are both offenses for which the maximum term of imprisonment is ten years or more as prescribed in the Controlled Substances Act and, since they were offenses alleged to have involved five kilograms or more of cocaine, are offenses for which the maximum sentence is life imprisonment. Accordingly, Ortiz was found guilty of offenses in a case described in 18 U.S.C. 3142(f)(1)(B) (an offense for which the maximum sentence is life imprisonment or death) and (C) (an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act). Following conviction of the offenses for which Ortiz was convicted, the district court must order the defendant detained *unless*:

      (A)(i)   the judicial officer finds that there is a substantial likelihood that a motion for...new trial will be granted; or

>> (ii) the attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. §3143(a)(2); see also Fed. R. Crim. P. 46(c)(following conviction, "burden of establishing that the defendant will not flee ... rests with the defendant.").

In ordering Ortiz's release on February 3rd, the district court made none of the required findings. As an initial matter, there is no motion for acquittal or new trial pending and, therefore, the Court could not have made a finding that there was a substantial likelihood that any such motion would be granted.[1] Similarly, undersigned counsel for the government has not recommended, nor could recommend, that no sentence of imprisonment be imposed since the offenses of conviction require a minimum mandatory sentence of ten years under 21 U.S.C. §841(b)(1)(A).

More significantly, once he was convicted of the charged offenses, the burden with respect to Ortiz's continued release pending sentencing shifted to him to prove that "[he] will not flee or pose a danger to any other person or to the community."

---

[1] In fact after the jury's verdict, the Court denied Ortiz's motion for acquittal notwithstanding the verdict. [Excerpt of Transcript of Day 3 of Jury Trial ("Day 3"): 4].

3

Fed. R. Crim. P. 46(c); see also 18 U.S.C. §3143(a)(2)(B). Here, the Court made no findings regarding whether Ortiz posed a sufficient risk of flight or danger to the community to justify his detention. The Court's sole finding and stated rationale for releasing the defendant after his conviction was the absence of U.S. Marshal personnel in the courtroom. [Day 3: 3-4]. Neither the Court's reliance on the fact that a Deputy U.S. Marshal was not present to take Ortiz into custody at the time[2] nor the mere fact of Ortiz's pre-trial release constitutes factual findings to overcome the presumption that Ortiz should be detained pursuant to 18 U.S.C. §3145(a)(2). Simply put, a person on pre-trial release who is merely accused of a crime realizes there is uncertainty as to whether he will ever be convicted. Moreover, defendants frequently go to trial with the hope, and often the expectation, that they will be acquitted. That uncertainty, and the hope for an acquittal, evaporate with the return of a guilty verdict as is the case with Ortiz. Here, Ortiz must recognize, he faces a prison term of at least ten years.

The defendant has been found guilt of conspiracy and possession with the intent to distribute 5020 grams of cocaine. The street value of the cocaine is at least $125,000. Despite

---

[2] As the Court was informed by another member of the United States Attorney's Office during the course of the post-verdict proceedings, a Deputy U.S. Marshal had just exited the courtroom to make the necessary arrangements if the Court decided to have Ortiz detained that afternoon. [Day 3: 4].

the fact that the cocaine was in the trunk of the defendant's automobile and that the defendant sped from the scene after the police arrived, he testified that he was not knowingly involved in any illegal drug transaction.  The verdict indicates that the jury found the defendant's testimony less than credible.  The defendant is not a citizen of the United states, despite his claims to the police upon his arrest.  Rather, the defendant is a citizen of Columbia.  He is subject to deportation proceedings after he serves his mandatory prison sentence.  Facing a minimum mandatory prison sentence of at least ten years and the prospect of deportation upon the completion of his prison term, the defendant has incentive to flee the jurisdiction of this Court.

     Moreover, there is nothing to suggest that there are an exceptional circumstances in which detention would not be appropriate for Ortiz.  Under 18 U.S.C. §3145(c),

> A person subject to detention pursuant to section 3143(a)(2)..., and who meets the conditions of release set forth in section 3143(a)(1)[3] ..., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are

---

[3] Subsection (a)(1) of section 3143 provides that a person facing a term of imprisonment for a crime other than a crime covered under 18 U.S.C. §3142(f)(1)(A), (B), or (C), is to be detained:

> unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

exceptional circumstances why such person's detention would not be appropriate.

Ortiz has not made any showing of (and the Court has made no finding of) "exceptional circumstances" that would justify his release and the government contends that no such circumstances exist in this case.

## Conclusion

For the aforementioned reasons, the government respectfully requests that this Court:

i) reconsider its order releasing defendant Diego Ortiz from custody; and

ii) order defendant Diego Ortiz's immediate surrender to the custody of the U.S. Marshals.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: _/s/ David G. Tobin_
>    DAVID G. TOBIN
>    SUSAN M. POSWISTILO
>    Assistant U.S. Attorneys

Dated:  February 9, 2005