UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  Cr. No. 04-CR-10068-RWZ

DIEGO ORTIZ

**DEFENDANT'S SENTENCING MEMORANDUM**

Now comes the defendant in the above matter and submits this Memorandum of fact and law for the consideration of the Court at Sentencing.

FACTUAL BACKGROUND

On February 3, 2005, the defendant was convicted by a jury of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine (the jury was also given an "aiding and abetting" option). The jury also found that the total amount of cocaine involved in the transaction was 5 kilograms. In the interests of Judicial economy, the defendant relies upon the factual statements (subject to his objections) as set forth in the Presentence Report, while preserving his factual and legal objections set forth by letter to the Probation officer.

1. <u>The defendant should only be accountable for the amount of drugs that was reasonably foreseeable to him</u>.

While the Jury found Mr. Ortiz guilty on both counts, there was an "aiding and abetting" instruction included. As a result, the Jury did not necessarily determine that Mr. Ortiz "actively and intentionally" participated in the transfer of more than 5 kilograms of cocaine. The jury found that more than 5 kilograms of cocaine was involved in the crime, but did not, by necessity, find that Mr. Ortiz actively and intentionally assisted or desired the transfer of 5 kilograms of

cocaine. Ordinarily, where a conspiracy count is involved, the defendant will be only accountable for that amount of drugs that was reasonably foreseeable to him. The defendant maintains that this should be true of the possession count as well. See e.g. U.S. v. Palafox-Mazon, 198 F.3d 1182 (9th Cir. 2000).

The jury did not specifically determine whether Mr. Ortiz was guilty of aiding and abetting, or of committing the crime of Possession with Intent to Distribute himself. However, the testimony at trial indicated that Mr. Ortiz did not have an active role in the offense, and may not have known the extent of the transaction. During the trip to KFC, only 1 kilogram of drugs was with Mr. Sosa. Mr. Perez, in his testimony, corroborated the fact that, until just before the trip to Stop and Shop, Sosa only actually possessed 1 kilogram of cocaine (the other 4 were stored at Perez' apartment). Furthermore, where Ortiz was not involved in setting up the deal, he would not have known the extent of the transaction. Mr. Ortiz maintains that the actual conduct proved at trial only shows that he was a driver and minimal participant in the crime.

In this case, it is clear that Mr. Sosa would not have trusted Mr. Ortiz to know the scope of the transaction, given the extraordinary precautions he took to protect his "product." Mr. Ortiz in fact did not know the entire scope of the conspiracy. It is proper to sentence him based upon that part of the drugs which he actually was aware of (or should have been aware of). See e.g. U.S. v. Miranda-Santiago, 96 F.3d 517 (1st Cir. 1996); U.S. v. Mitchell, 964 F.2d 454 (5th Cir.). Given the structure of the deal involved, the only amount that was foreseeable and therefore attributable to Mr. Ortiz was 1 kg, the amount that Sosa carried to the KFC while arranging the details of the transaction.

Further, the defendant states the reduction in the amount of drugs he is accountable for

should reduce the defendant's sentence under the mandatory minimum for 5 kg of cocaine in this case. See generally U.S. v. Montoya, 62 F.3d 1, 3 (1st Cir. 1995).

Sosa only showed the CW, prior to the transaction, 1 kilogram of cocaine. At trial, Perez testified that he held 4 kilograms at his apartment until contacted by Sosa to bring them over to Sosa's house. This was after Mr. Ortiz had been giving Sosa rides to different places, including the KFC where Sosa was shown the "Flash Roll." It is certainly reasonable to conclude that since there was no prior relationship between Sosa and Ortiz[1], that Sosa would not have disclosed the existence of the additional 4 kilograms of cocaine that were at Perez' apartment. As a result, the Court should find that Ortiz is only accountable for 1 kilogram of cocaine for the purposes of determining the mandatory minimum and for determining the sentencing guideline range..

2.  When computing the Sentencing Guideline range, the Court should consider Mr. Ortiz to be a minimal participant in the offense, and rule that he should not receive an upward adjustment for obstruction of justice.

   a. Role in the Offense

Mr. Ortiz should be considered a minimal participant in this offense. There is little question from the testimony at trial that Mr. Ortiz was not an integral part of the transaction. The officers testified that they had not seen Mr. Ortiz before, even though they had previously done deals with Sosa. Also, the defendant maintains that an upward adjustment based upon obstruction of justice is inappropriate.

---

[1] There was no evidence at trial that Mr. Ortiz and Sosa had any meaningful relationship prior to this offense, and the police officers testified that they had not seen Mr. Ortiz prior to the date of the arrest.

Mr. Ortiz maintains that the Court should grant him a 4 point reduction as a result of his role in the offense. His role in this offense was merely to DRIVE Sosa to a meeting point; his participation didn't even rise to the level of a "mule" or a drug courier. There was no question, from the testimony of others at trial, that Mr. Ortiz was the least culpable of the group involved in this crime. The defendant contends that the government presented little or no evidence that Mr. Ortiz had any meaningful role in the offense other than driving Sosa from the KFC to his apartment, and then to the Stop and Shop plaza. Even if the Court credits the government's submission that Ortiz participated in phone calls to arrange a meeting place, there was no evidence presented that he would personally make the transaction, profit from the transaction, or have any role other than a driver.

Mr. Ortiz played a minimal role in the conspiracy. Even using the government's version of events, there was no evidence that Mr. Ortiz understood the scope or structure of the enterprise. See U.S.S.G. § 3B1.2 App. Note 4. The law enforcement witnesses testified that they had not seen Mr. Ortiz before that transaction, and that there were other prior transactions with Sosa. The activities of Sosa, the dealer in this case, were clearly far beyond anything that Mr. Ortiz was involved in or knew about. Indeed, considering the scope of the investigation, the fact that Mr. Ortiz surfaced only as the driver for Sosa (who did not have a vehicle) clearly shows that he was a minimal participant in the crime.

The role in the offense also has an effect on the Base Offense level in this matter.[2] Pursuant to U.S.S.G. 2D1.1(a)(3)(B), as a result of his minimal role (or even minor role) his Base

---

[2]The defendant maintains that he is responsible for only 1 kg of cocaine. Notwithstanding this position, the defendant maintains that an adjustment based upon his role in the offense is appropriate.

Offense level is reduced (or "capped") to 30. The reduction for his minimal role in the offense is then further subtracted pursuant to 3B1.3 Application Note 6.

      b. Obstruction of Justice

The defendant should not have his offense level increased for Obstruction of Justice. The defendant fled the scene of the transaction without knowing who the officers were or what was actually happening in the situation. He drove a short distance away and exited his vehicle. He did not fight with officers during his arrest. The defendant requests that this Court find that he did not obstruct justice, and therefore his Total Offense level should not be increased for Obstruction of Justice.

3.    Motion for Downward Departure from the Sentencing Guidelines.

In addition to the factors set forth above, the defendant maintains that he should be granted a downward departure based upon the totality of the circumstances in his case. The defendant has a family and a very young child. He had a tiny role in this offense, and never had personal contact with the drugs in the case. The government was aware of Mr. Sosa's drug dealing, had previously purchased drugs from him, and yet did not make an arrest.

Furthermore, the defendant notes that he will be subject to deportation at the conclusion of his sentence.

Overall, the totality of the circumstances in this case clearly take him outside the heartland of cases considered by the Sentencing Commission, even taking into account the reduction for his role in the offense, and this Court should depart downward from the Sentencing Guidelines.

## CONCLUSION

The defendant requests that this Court make the following findings: (1) that the defendant is only accountable for 1 kg of the cocaine involved in the transaction, (2) that the defendant had a minimal role in the offense, (3) that the defendant did not obstruct justice, (4) that the defendant is not subject to the 10 year minimum mandatory sentence because he was not accountable for the entire amount of the drugs involved in this case, and (5) that Mr. Ortiz' situation falls outside the heartland of cases considered by this Court, and that he is eligible for a downward departure from the Guidelines.

The defendant further requests that this Court sentence him indeterminately in accordance with the ruling in U.S. v. Booker, __ U.S. __ (2005). The defendant requests that the court take into account the goals of sentencing as set forth by Congress, and craft the minimum sentence which will advance the goals of sentencing.

                                        Respectfully Submitted,
                                        By his attorney,

Date:  May 2, 2005                    /s/ MELVIN NORRIS
                                        Melvin Norris (BBO# 373900)
                                        260 Boston Post Road, Suite 9
                                        Wayland, MA 01778
                                        (508) 358-3305
                                        Fax: (508) 358-7787