```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )    Criminal No. 04-10068-RWZ
          v.                  )
                              )
DIEGO ORTIZ                   )
                              )
          Defendant.          )
```

**GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and David G. Tobin and Susan M. Poswistilo, Assistant U.S. Attorneys, hereby submits its response to the Defendant's Sentencing Memorandum.  For the reasons explained below, the United States asserts that for sentencing purposes the defendant is accountable for 5020 grams of cocaine; that the defendant did not have a minimal role in the offense; that the defendant obstructed justice by recklessly fleeing the scene of the crime and willfully providing false testimony at trial; and that he is not a suitable candidate for a downward departure under the United States Sentencing Guidelines.

1. <u>The jury found the defendant responsible for 5020 grams of cocaine and he is accountable for that amount for sentencing purposes.</u>

    The jury convicted the defendant of conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute, and distribution of, five

kilograms or more of cocaine in violation of 21 U.S.C. § 841. The jury's verdict slip specifically stated that "[t]he amount of cocaine involved in one or both offenses is 5020 grams." The defendant's argument that the jury's verdict was ambiguous as to the amount of cocaine for which the defendant is responsible is specious. In light of the facts of the case, the Court's instructions to the jury, and the plain meaning of the verdict slip drafted by the Court, it cannot be refuted that the jury found that the defendant knowingly conspired and possessed with the intent to distribute 5020 grams (more than 5 kilograms) of cocaine.

The defendant's participation in the charged crimes included providing the vehicle used to transport the cocaine, driving the cocaine and co-defendant Sosa to the deal, negotiating over the telephone with the cooperating witness and undercover state trooper, and fleeing the scene of the crime with the 5020 grams of cocaine in the trunk of his vehicle. In order for the jury to convict the defendant of the charged offense of possession of 5 kilograms or more of cocaine, it had to be convinced beyond a reasonable doubt that the defendant knowingly and willfully possessed at least 5 kilograms of cocaine. The jury's verdict slip indicated that, in fact, the jury found that the defendant knowingly and intentionally possessed 5020 grams of cocaine.

In cases where a defendant is charged with possessing a

certain quantity of drugs, the jury's determination as to drug quantity controls that aspect of sentencing. In this case, the jury found that the defendant knowingly possessed 5020 grams of cocaine. It is immaterial if he personally possessed the cocaine or aided and abetted another to possess the cocaine. The defendant is responsible for sentencing purposes for the quantity of cocaine he directly possessed or aided and abetted another to possess. In this case, the defendant directly possessed the more than 5 kilograms of cocaine - it was in his trunk.

2.   Role in the Offense

The defendant astonishingly asks the Court to grant him a "4 point reduction" because of his "minimal" role in the offense. The United States asserts that the defendant was not a "minimal" or "minor" participant in the criminal activity and is not eligible for any sentence reduction pursuant to U.S.S.G. § 3B1.2.

U.S.S.G. § 3B1.2 permits a 4 level reduction in a defendant's offense level where the defendant was a "minimal participant" in the criminal activity. The Commentary to § 3B1.2 stresses that a 4 level reduction for "minimal" participation "will be used infrequently."

In this case, the defendant provided transportation for the cocaine and another co-defendant, negotiated the sale of the cocaine with both the cooperating witness and the undercover state trooper, and fled the scene of the crime with the more than

5 kilograms of cocaine in the trunk of his car.  The defendant, by his actions, demonstrated he had full knowledge of the illegal drug deal of which he was a part, participated in the execution of the crime by negotiating the sale with the supposed buyers, transported the cocaine, and attempted to safeguard the cocaine by fleeing the police after their arrival at the scene of the deal.

3.   Obstruction of Justice

**A.   U.S.S.G. § 3C1.2 - Reckless Endangerment During Flight**

In the Presentence Report, United States Probation recommended to the Court that pursuant to U.S.S.G. § 3C1.2 the defendant should be given a two-level increase in his offense level for obstruction of justice.  Specifically, United States Probation found that the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. The defense contests this finding and agues that the defendant fled "without knowing who the officers were or what was actually happening."  This claim is as preposterous now as it was when first made by the defendant during his trial testimony.  The Court heard detailed testimony from various witnesses that the law enforcement officers who arrived on the scene wore clothing clearing indicating they were officers of the law.  The Court will remember that one witness brought in and showed the jury the

4

raid jacket he wore at the scene. Moreover, the arrival of law enforcement officers was accompanied by police sirens. Again, the Court will undoubtedly remember the audio-tape of the scene on which a police siren can easily be heard.

The defendant, who sat in his car, was descended upon by a substantial number of clearly marked law enforcement officers. The defendant fled from the police in an attempt to protect himself from being arrested and to protect the more than 5 kilograms of cocaine he had in the trunk of his car. The testimony at trial was that the defendant sped through a supermarket parking lot and abandoned his car to continue his escape on foot. The defendant's recklessness and danger to others was further compounded when he left his car in gear and it rolled toward a busy street. A law enforcement officer had to jump into the defendant's moving vehicle and operate the foot brake with his hand to avoid having the car roll onto a main roadway. The defendant's reckless actions while fleeing the police created a substantial risk of death or serious bodily injury to another person.

### B.  U.S.S.G. § 3C1.1 - Obstructing or Impedeing the Administration of Justice

The United States respectfully requests that the Honorable Court find that the defendant intentionally gave false trial testimony with the intent to willfully obstruct justice; and

5

pursuant to U.S.S.G. § 3C1.1 increase his offense level by 2 levels.

The crux of the defendant's trial testimony was that he never knowingly or intentionally participated in a drug deal and that he had no idea that he was transporting cocaine in the trunk of his car. The jury utterly rejected the defendant's trial testimony and found him guilty of conspiracy and possession with intent to distribute, and distribution of, cocaine. The defendant's untruthful testimony pertained to the material facts of his knowledge and participation in the cocaine deal.

4. The Defendant Should Not Receive a Downward Departure from the Sentencing Guidelines

The defense argues that the a downward departure from the guideline sentencing range is warranted because of the "totality of the circumstances in [his] case;" the defendant "had a tiny role in this offense, and never had personal contacts with the drugs; "[t]he defendant has a family and a very young child;" and "[t]he government was aware of Mr. Sosa's drug dealing, had previously purchased drugs from him, and yet did not make an arrest." The defense fails to cite any support for its departure request.

A downward departure is not warranted in this case. Contrary to the defense assertion, the defendant played a pivotal role in the charged offenses. Not only did he transport the cocaine and

a co-defendant, he negotiated the sale with government agents and had sole possession of the drugs when he fled the scene of the drug deal with more than 5 kilograms in his trunk. The fact that the defendant has a small child is not a reason for a departure. The recklessness and selfishness of the defendant is only highlighted by the fact that he committed the offenses while he was a father or had reason to believe he would become a father. The sad reality of the illegal narcotics trade is that many participants have small children. The defendant's argument that he is deserving of a downward departure because the government failed to arrest Mr. Sosa before the defendant chose to become involved in the cocaine deal is ridiculous. This argument suggests that the government is responsible for the defendant's choice to engage in the drug offenses for which he was found guilty. This argument suggests that the defendant does not fully appreciate his wrong doing or the severity of his crimes.

5.     Offense Level Computation and U.S.S.G. Sentencing Range

The United States agrees with the findings of United States Probation that the defendant is responsible for an amount of cocaine greater than 5 kilograms, but less than 15 kilograms. As a result, the defendant's base offense level is 32. The United States further agrees with United States Probation that the defendant should receive a two-level increase for recklessly creating a substantial risk of death or seriously bodily injury

to another in the course of fleeing from a law enforcement officer.  This increase results in an offense level of 34.  The United States further contends that the defendant should receive an additional two-level increase pursuant to U.S.S.G. § 3C1.1 for intentionally giving false trial testimony with the willful intent to impede the administration of justice.[1]  This results in an offense level of 36.  The United States concurs with United States Probation's determination that the defendant has a Criminal History Category of II.

With an offense level of 36 and a criminal history category of II, the defendant's guideline sentencing range is 210 to 262 months.  The defendant also faces a minimum-mandatory sentence of ten years imprisonment as a result of his conviction for possession with the intent to distribute more than 5 kilograms of cocaine.

6.   <u>Sentencing Recommendation of the United States</u>

The United States respectfully recommends that this Honorable Court impose a sentence on the defendant that includes 210 months confinement, a term of supervised release from 5 years to life, a $200 special assessment, and an appropriate fine, if

---

[1] United States Probation acknowledged in the Presentence Report that the United States would seek such an enhancement, but correctly determined that "the court was present to hear the trial testimony and asses the evidence presented,[and] the Court is in the best position to determine if the defendant did, in fact, perjure himself."

the Court determines that the defendant has the financial ability to pay a fine.

The United States recommends the lowest possible term of imprisonment under the guidelines.  While the United States recognizes that 210 months is a long period of incarceration, the defendant trafficked in more than eleven pounds of cocaine.  This enormous amount of cocaine had the potential to have disastrous and wide-ranging consequences, had it made its way to the streets of our community.  There is nothing that even remotely suggests that this Court should deviate from imposing a guideline sentence.  The sentencing guidelines are deemed to be presumptively reasonable and should be deviated from only with good cause.

## Conclusion

The United States respectfully asks this Court to impose the above-requested sentence.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:  */s/ David G. Tobin*
     DAVID G. TOBIN
     SUSAN M. POSWISTILO
     Assistant U.S. Attorneys

Dated:  May 4, 2005